FOCKE, WILKINS & CO. V. ERNST WEISHUHU.

(Case No. 919.)

1. TRUST DEED — SUBROGATION.— It was agreed between a creditor, his debtor, and a third party, that if the third party would advance an amount of money sufficient to pay off the creditor's claim, which was then secured by a deed of trust, the creditor would secure the repayment of the advance by transferring to the third party the deed of trust. This was done, and two days afterwards a new note for the amount was made by the debtor to the third party, which on its face declared that it was secured by the deed of trust which had been formerly given to secure the original creditor. *Held*,

(1) The transaction did not extinguish or discharge the deed of trust.

(2) The transfer of the deed of trust to the third party, who advanced the money, subrogated him to the rights of the original creditor, and authorized him to foreclose the trust deed to secure the payment of the note given after the trust deed was executed.

(3) Had the original creditor refused to transfer the trust deed, under the circumstances, after receiving the money to satisfy his note, equity would have enforced the transfer.

APPEAL from Colorado.  Tried below before the Hon. Everett Lewis.

Suit by Weishuhu against Peters on a note of Peters to him for $1,524.35, dated 27th of March, 1875, payable at the office of one M. Malsch, at Frelsburg, on the 27th of ·March, 1876, with twelve per cent. interest from date. In the body of this note it is stated that the same is secured by deed of trust on two hundred and thirteen and one-third acres of land in Wharton county, and one hundred and twenty-four acres in Austin county, "it being the same trust deed executed by Peters to Sylvan Blum for the benefit of Leon & H. Blum, dated May 15, 1874, and duly transferred to Weishuhu, who is now the beneficiary of said trust deed."

The trust deed thus mentioned is set forth in the petition. It was given to secure the note of Peters to Leon & H. Blum for $1,736.47, due in six months from date, and dated the 15th of May, 1874.

The lands are described in the trust deed. It was alleged that the deed was duly recorded in Austin county on the 15th of May, 1874, and in the county of Wharton on the 16th of March, 1876; that Peters had not paid off his note to the Blums previous to the 27th of March, 1875, but that on that date there was remaining unpaid on the Blum note a balance of $1,524.85, and that the note of Blums and the trust deed were in the hands of M. Malsch, the agent and attorney of the Blums, for collection; that on the 27th of March, 1875, it was agreed between Peters, Weishuhu and the Blums, that Weishuhu should lend Peters the balance due on his note to the Blums, and that the Blums should transfer to Weishuhu their trust deed to secure him for the loan; that Weishuhu let Peters have said balance, and Peters executed the note sued on, and that the Blums did transfer the trust deed to Weishuhu; that the trust deed was in full force and vigor —

had never been released — and that Weishuhu was entitled to have the lands sold to pay his note.

That Focke, Wilkins & Co. set up some claim to the land described in the trust deed, the notice of their claim being unknown to Weishuhu, and they are made defendants, and it is prayed that their rights may be inquired into by the court, and, whatsoever those rights may be, that they should be held subservient to those of Weishuhu.

Focke, Wilkins & Co. answered by an exception to the lien as claimed on the lands in the trust deed, under the allegations of the petition, disclaimed all interest in the Wharton county lands, but claimed to be the owners of the one hundred and twenty-four acres in Austin county, which they acquired title to as follows: That they held two notes on Peters, each for $1,000, due respectively in six and nine months from date, and dated the 18th of June, 1875; that to secure these notes, Peters, on said date, executed to Campbell a trust deed on the one hundred and twenty-four acres of land; that said deed was recorded in Austin county the 12th of July, 1875; that Peters, failing to pay the note, Campbell, the trustee, complying with the terms of the deed, sold the land in the city of Galveston on the 1st day of February, 1876; that they bought the land at that sale; that a deed was executed to them by Campbell, and which deed they recorded in Austin county on the 11th of February, 1876. They denied that Peters executed any trust deed to Weishuhu on the 27th of March, 1875; averred that the Blum note and the one sued on are in different amounts and dates; that the Blum note was paid in full by Peters, and its satisfaction rendered the trust deed of no further force or vitality. They denied that Weishuhu paid off the note; and averred that Sylvan Blum, one of the firm of Leon & H. Blum, informed them on the day of the sale of the land by Campbell, and previous thereto, that their note on Peters was paid; and they claimed to be innocent purchasers of the

land for value, without any knowledge of Weishuhu's claim.

Weishuhu amended his petition, reiterating in substance his case as made in original petition, and alleging further that M. Malsch had control of the Blum note and trust deed, not only as an attorney-at-law, for the purposes of collection, but with full authority from the Blums to control the same according to his judgment and will, and that he was empowered to transfer the trust deed without recourse on the Blums, which transfer was made on the 13th of April, 1875; that Peters was largely indebted, which fact was known to him; that he would not have parted with his money except upon the security of the trust deed; that at the date of Focke, Wilkins & Co.'s notes and trust deed the Blum trust deed was on record in Austin county, and that they had actual and constructive notice of the same; that the consideration of the Focke, Wilkins & Co. note was a precedent indebtedness, due and owing them by Peters before the 27th of March, 1875; and that no time subsequent to that date, had they advanced any thing of value to Peters, either as a consideration for the notes or the trust deed; that at the time of the sale of the land by the trustee, Campbell, in Galveston, the first of February, 1876, M. Malsch, as his agent, was present, and that previous to that sale he publicly notified all parties of Weishuhu's claim; that Focke, Wilkins & Co. were present, heard the notice given, and bought with full knowledge of the claim.

Focke, Wilkins & Co. amended their answer, and, after stating the same matters as contained in the original answer, denied that M. Malsch was the agent or attorney in fact of the Blums; denied his authority to act for them, except to collect their note on Peters; alleged that the amount due on the note of Peters on the 27th of March, 1875, was only $1,228.82, and that the execution of the note by Peters to Weishuhu, and the transfer of the trust

deed, were made for the fraudulent purpose of hindering and delaying them in the collection of their debt on Peters.

With these pleadings and the testimony, the cause was submitted to the court, who rendered substantially the following judgment: In favor of Weishuhu *v.* Peters for $1,991.17, with twelve per cent. interest. Foreclosing trust deed on lands described in petition to the amount of $1,543.69 — which amount is the principal and interest of the balance due on the Peters note to the Blums, paid by Weishuhu. The land in Wharton county to be first sold, and the purchase money to be credited on the $1,553.69; then the Austin county lands to be sold for the balance. If the sale of the Wharton county lands satisfied the $1,543.69, the Austin county lands not to be sold, and in that event the said lands to be freed and released from the judgment of foreclosure. And should the Austin lands be sold, and bring more than the balance remaining after being credited with the proceeds of the Wharton county land, the excess to be paid to Focke, Wilkins & Co. The rights of Peters were also protected.

From this judgment Focke, Wilkins & Co. appealed, and assigned the following errors, to wit:

1st. The court erred in treating the plaintiff Weishuhu as the assignee of the deed of trust executed by Peters to Sylvan Blum.

2d. The court erred in subjecting the two tracts of land in Austin county, described in the petition, to the lien asserted by plaintiff.

*W. L. Delany,* for appellant.

I. The transaction between Malsch, Peters and Weishuhu did not transfer the lien of L. & H. Blum to appellee.

II. But, even if it did transfer their lien, it was not recorded, and hence was inoperative as to all other per-

sons.   Our statute makes no difference between creditors and subsequent purchasers.   Pasch. Dig., arts. 4987, 4988.

*Foard & Thompson,* for appellee.

WATTS, COMMISSIONER.— The evidence introduced upon the trial shows that the appellee loaned the money to Peters for the purpose and with the intent that the same should be used in the payment of the Blum debt; the loan was made by him upon the faith that the Blum deed of trust should be assigned to him to secure the loan to Peters; and it was understood and agreed by and between Peters, Blum and Weishuhu, that the deed of trust was to be assigned to the latter by the Blums.   In fact, the appellee refused to advance the money until that arrangement was made.   In the note executed by Peters to appellee for the money advanced by him, it is stated, "this note is secured by a deed of trust on two hundred and thirteen and one-third acres in Wharton county, and one hundred and twenty-four acres in Austin county, Texas, it being the same deed of trust executed by the undersigned to Sylvan Blum, and for the benefit of Leon & H. Blum, and dated May 15, 1874, and duly transferred to Ernst Weishuhu, who is now the beneficiary of said trust deed."   The deed of trust was assigned and transferred to appellee on the 25th day of April, 1875, by M. Malsch, as attorney for Leon & H. Blum.   This was two days prior to the execution of the note by Peters to Weishuhu.

The deed of trust was given to secure the Peters debt to Leon & H. Blum, was duly recorded in Austin county, and was prior in point of time, and was a superior lien to the deed of trust of Peters to A. R. Campbell.

The transaction between appellee Peters, and Malsch as the attorney of the Blums, did not extinguish or dis-

charge the deed of trust to Sylvan Blum. It was agreed before appellee had advanced the money to Peters, that it was to be assigned or transferred to him to secure the loan; he had acted upon it, and the Blums had accepted the benefit of that transaction; and had they refused to transfer the same to appellee, equity would have compelled them to do so. Hilliard on Mortgages, 337, 340.

But their attorney, acting for them in the collection of the Peters debt, with such powers from them as would be necessary or requisite in the discharge of that duty, secured to them the money by the arrangement; and in their name transferred the same to appellee. In their letter to their agent, Malsch, they agreed to transfer the same to appellee themselves.

We are of the opinion that the court did not err in treating the appellee as the assignee of the Blum deed of trust.

The second assignment of error is general, and does not point out the specific error complained of.

We are not informed by the assignment wherein the court erred in subjecting the Austin county land to the lien of the Blum deed of trust. From the brief of appellant, we gather this objection to be two-fold: 1st. That, the assignment of the deed of trust not having been recorded, the same was invalid. 2d. That appellants were purchasers for value, and without notice of appellee's right. As to the first objection, we are of the opinion that, as between the parties and all persons with notice, the assignment or transfer of the deed of trust was as valid and effectual as if it had been duly recorded.

Were the appellants purchasers without notice and for value? It is shown by the evidence that appellants did inquire of Sylvan Blum, the trustee, about that claim of Leon & H. Blum prior to the sale by Campbell, and that he informed them that the claim had been paid, and was satisfied. The evidence also shows that at the sale by

Campbell, Malsch, who claimed to be the attorney of appellee, after the advertisement was read, and before the bidding commenced, gave public notice of appellee's claim to priority of lien upon the land. And while the witness does not remember all that Malsch said on that occasion, still enough is shown to at least require of appellants, if they desired further information, to inquire of Malsch about the matter. The evidence is to the effect that, after Campbell read the advertisement, Malsch gave notice of a prior incumbrance which he claimed to represent, and in doing so mentioned Leon & H. Blum and Peters, and held at the time a paper in his hand. We are of the opinion that the court did not err in foreclosing the lien upon the Austin county land. There being no error in the judgment, the same is affirmed.

Affirmed.

[Opinion delivered March 7, 1881.]